IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: ) | No. CV 07-8118-PHX-MHM |
| ) | |
| McCulloch Environmental Issues ) | **ORDER** |
| ) | |
| ) | |
| ) | |
| _____ ) | |

    The Court is in receipt of Shop Vac Corporation's ("Shop Vac") Motion to Perpetuate the Testimony of Edward Donahue (Doc. 1). Pursuant to Shop Vac's Motion for a Hearing on the Motion to Perpetuate (Doc. 5) the Court set a hearing for November 20, 2007.

    Rule 27, Fed.R.Civ.P., states in relevant part as follows:

(a) Before Action.
(1) Petition. A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

> (2) Notice and Service. At least 20 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4. If that service cannot be made with due diligence on an expected adverse party, the court may order service by publication or otherwise. The court must appoint an attorney to represent persons not served in the manner provided by Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented. Rule 17(c) applies if any expected adverse party is a minor or is incompetent.
>
> (3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.

In its Motion to Perpetuate Mr. Donahue's testimony and exhibits thereto, Shop Vac has set forth all facts required for the Court to grant it's Rule 27 Motion to Perpetuate the Testimony of Mr. Donahue. Specifically, Shop Vac has asserted the following requisite allegations: (1) that it expects to be a defendant in future litigation; (2) the subject matter of the expected action and Shop Vac's interest therein; (3) the facts Shop Vac seeks through deposing Mr. Donahue and the reason for seeking to perpetuate his deposition; (4) names of potential litigants in any future action; and (5) the names of the person to be examined and the substance of the testimony Shop Vac expects to elicit from him. Most notably, Shop Vac asserts that Mr. Donahue is elderly and in poor health and that it seeks to depose Mr. Donahue so as to defend itself in any future litigation brought against it in relation to the McCulloch Corporation site it owned and operated between 1990 and 1995.

Shop Vac noticed at least four potential litigants in future litigation in connection with the McCulloch Corporation site and notified them of its Motion to Perpetuate Mr. Donahue's

1  Testimony. One of the entities Shop Vac notified was Black and Decker Corporation
2  ("Black and Decker"), which Shop Vac first contacted in May 2007.

3      In response to the Court scheduling the November 20, 2007 Motion Hearing, Black
4  and Decker has filed an Amended Expedited Motion for Continuance (Doc. 12) in which it
5  claims it did not receive 20 days notice of the hearing, required under Rule 27, Fed.R.Civ.P.
6  However, it appears the 20 days required pursuant to Rule 27 refers to the notice required
7  before the deposition is taken. Therefore, Black and Decker's Motion to Continue the
8  Motion Hearing is denied.

9      However, upon further consideration and good cause appearing, the November 20,
10 2007 Motion Hearing is vacated. The Court hereby grants Shop Vac's Motion to Perpetuate
11 the Testimony of Mr. Donahue. Mr. Donahue's oral deposition shall take place by December
12 7, 2007.

13     **Accordingly,**

14     **IT IS ORDERED** denying Black and Decker's Amended Expedited Motion for a
15 Continuance (Doc. 12).

16     **IT IS FURTHER ORDERED** granting Shop Vac's Motion to Perpetuate the
17 Testimony of Edward Donahue (Doc. 1).

18     DATED this 19th day of November, 2007.

_____
Mary H. Murguia
United States District Judge